UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVRON HENRY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-0151-CJB-SS** |
| **MICHAEL J ASTRUE COMMISSIONER**<br>**SOCIAL SECURITY ADMINISTRATION** | |

**REPORT AND RECOMMENDATION**

The plaintiff, Davron Henry ("Henry"), seeks judicial review, pursuant to Section 405(g) of the Social Security Act (the "Act"), of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits and a period of disability under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423.

**PROCEDURAL HISTORY**

On November 30, 2007, Henry filed an application for a period of disability and disability insurance benefits. R. 100-107. He alleged that the disability began on May 5, 2007. R. 114. On January 28, 2008, the claim was denied. R. 63. Henry requested a hearing before an Administrative Law Judge ("ALJ"). R. 69-70. On April 8, 2009, the ALJ issued an unfavorable decision. R. 9-16. The Appeals Council denied his request for review. R. 1-3. Henry was not represented by counsel at the hearing before the ALJ or any portion of the administrative proceedings.

On January 24, 2011, Henry filed a complaint against the Commissioner. Rec. doc. 1. Henry is proceeding *in forma pauperis* and without the assistance of counsel. Rec. doc. 2. The Commissioner filed an answer with the administrative record. Rec. doc. 9. Henry was ordered to file a motion for summary judgment by June 7, 2011. Rec. doc. 5. He did not file the motion, and

he did not seek an extension. On August 30, 2011, the matter was scheduled for the call docket. Henry was ordered to demonstrate good cause why his petition should not be dismissed without prejudice. R. 10. Henry appeared on September 21, 2011. The need for a motion for summary judgment was explained to him. Instead he completed a statement.

> To Whom It May Concern:
>
> I, Devon Henry, is [sic] not willing to do light duty work. I have come to the conclusion, if I have to work I will keep doing heavy duty. I am able to take the pain. It's not fair to keep me from doing heavy duty work. It all hurt the same.
>
> \s Devon Henry

Rec. doc. 11.

## STATEMENT OF ISSUE ON APPEAL

Because Henry did not file a motion for summary judgment, the Commissioner was not required to file a cross-motion for summary judgment. If Henry had filed a motion for summary judgment, it is likely that he would have raised the following:

> Whether the ALJ erred in not assigning controlling weight to Henry's treating orthopedist and whether there was substantial evidence to support the ALJ's decision?

## THE COMMISSIONER'S FINDINGS RELEVANT TO ISSUES ON APPEAL

The ALJ made the following findings relevant to the issues on appeal:

1. Henry meets the insured status requirements of the Act through December 31, 2011.

2. Henry has not engaged in substantial gainful activity since May 5, 2007, the alleged onset date (20 C.F.R. 416.971 *et seq.*).

3. Henry has cervical disc disease, which is a severe condition within the constraints of <u>Stone v. Heckler</u>, 752 F.2d 1099 (5th Cir. 1985) & SSR 96-3p (20 CFR 404.1521).

4. Henry does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526). Specifically, Listing 1.04, Disorders of the Spine, is not met.

5. Henry has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(c), with the push-pull limited to the light level, no more than frequent stooping, crouching, kneeling, or crawling, and no more than occasional overhead reaching.

6. Henry is unable to perform any past relevant work (20 CFR 404.1556).

7. Henry was born on May 7, 1983, and was 23 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. Henry has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Henry is "not disabled," whether or not he has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering Henry's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Henry can perform (20 CFR 404.1569 and 404.1569a).

11. Henry is not under a disability, as defined in the Act, from May 5, 2007 and continuing through the date of this decision (20 CFR 404.1520(g)).

R. 9-16.

## ANALYSIS

a. **Standard of Review.**

The function of this court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005); Newton v. Apfel, 209 F.3d 448, 452 (5th Cir. 2000). Substantial evidence is more than a scintilla but less than a preponderance and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971); Perez, 415 F.3d at 461. Alternatively, substantial evidence may be described as that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). This court may not re-weigh the evidence, try the issues *de novo* or substitute its judgment for the Commissioner's. Perez, 415 F.3d at 461; Selders v. Sullivan, 914 F.2d 614, 617 (5th Cir. 1990).

The administrative law judge is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. See Arkansas v. Oklahoma, 503 U.S. 91, 113, 112 S.Ct. 1046, 1060 (1992). Despite this court's limited function, it must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. Villa, 895 F.2d at 1022; Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988). Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

To be considered disabled and eligible for disability insurance benefits, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & appendices, §§ 416.901 to 416.998 (1997). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful

4

activity. Id. §§ 404.1520, 416.920; Perez v. Barnhart, 415 F.3d at 461; Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994), cert. den. 514 U.S. 1120, 115 S. Ct. 1984 (1995).[1] The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. Id. If he successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. Greenspan, 38 F.3d at 236; Kraemer v. Sullivan, 885 F.2d 206, 208 (5th Cir. 1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant." Id.; accord Selders, 914 F.2d at 618.

"In determining whether substantial evidence of disability exists, this court weighs four factors: (1) objective medical evidence; (2) diagnoses and opinions; (3) the claimant's subjective medical evidence of pain and disability; and (4) the claimant's age, education, and work history."

---

[1] The five-step analysis requires consideration of the following:
First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).
Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. Id. §§ 404.1520(c), 416.920(c).
Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. Id. §§ 404.1520(d), 416.920(d).
Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. Id. §§ 404.1520(e), 416.920(e).
Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. Id. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. Id. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994) ("Medical-Vocational Guidelines").

Perez v. Barnhart, 415 F.3d at 462. "The Commissioner, rather than the courts, must resolve conflicts in the evidence." Martinez v. Chater, 64 F.3d 172, 174 (5th Cir. 1995).

b. **Testimony at the Hearing.**

Henry was born in 1983. R. 30. He was divorced. R. 31. He had one child, who lived with his mother. R. 31. He completed the twelfth grade. R. 32. He had worked as a deck hand, welder's helper and tank cleaner. R. 35-37. He had not worked since May 5, 2007 when he fell off a barge. R. 34.

Henry testified that his back and neck were stiff and his back ached. R. 39. The pain was constant. R. 40. He took muscle relaxers and other medication. R. 40. His doctor recommended cervical neck surgery. The surgery was not scheduled. R. 42. He did stretching exercises every day. R. 51. His back improved with the exercises. R. 51.

Henry estimated he could walk two to three blocks. R. 44. When he walked, there was a twitch in his back. R. 44. He thought he could lift about 10 to 15 pounds frequently but he could not sit or stand for very long. R. 44-46. When he carried groceries from his car to the house, his back bothered him. R. 46. He had a driver's license and drove a car. R. 48. He did not do any gardening because he was afraid it would cause back pain. R. 51.

Based on the ALJ's hypothetical question, there were light duty jobs that could be performed by Henry. R. 56-57.

c. **Medical Evidence**.

Henry went to an Ochsner emergency room on May 6, 2007 with acute low back pain. There was bruising. The pain did not radiate into his legs. He could walk without difficulty. The x-ray

6

did not reveal a fracture. The disc spaces appeared to be maintained. There was spina bifida occulta. R. 149-155.

Henry began seeing Kenneth Adatto, M.D., an orthopedist, on May 14, 2007. R. 183. He continued to see Dr. Adatto through August 12, 2008. R. 208-210. On May 14, 2007, Adatto diagnosed Henry with sprains and strains of the neck, thoracic spine and lumbar spine. He described Henry as temporarily disabled. Darvocet, Zanaflex and Restoril were prescribed. R. 178-181.

A May 15, 2007 MRI of the knee found some inflammation but the medial and lateral ligaments were intact. R. 177. A June 15, 2007 MRI found scoliosis of the lumbar spine but no spinal stenosis. R. 171-73. An August 3, 2007 MRI found mild rotary scoliosis of the cervical spine without neurocompressive HNP or bony spinal stenosis. R. 166. A September 17, 2007 CT scan of the lumbar spine found no appreciable abnormality of the lumbar spine. R. 162.

Henry returned to Dr. Adatto on June 11, 2007 (R. 174-76), June 19, 2007 (R. 168-70), August 13, 2007 (R. 163-65), October 9, 2007 (R. 159-61), November 13, 2007 (R. 156-58), and January 10, 2008 (R. 228-30). The reports of these visits are substantially the same as the report of the May 14, 2007 visit.

On February 7, 2008, Dr. Adatto reported that a discogram was radiographically abnormal at C6-7. A cervical fusion was recommended. R. 217 and 222-25. Henry returned to Dr. Adatto on March 13, 2008 (R. 214-16), June 12, 2008 (R. 211-13), and August 12, 2008 (R. 208-10).

On January 26, 2008, Henry was seen by Christy Valentine, M.D.[2] Henry was not in acute distress. The muscle strength was 5/5 in both upper and lower extremities. There was no muscle

---

[2] Dr. Valentine's speciality is not disclosed.

atrophy. There were no sensory deficits in the upper and lower extremities, the deep tendon reflexes were equal bilaterally in both upper and lower extremities and the gait and posture were normal. He could walk on his toes and heels without difficulty. Dr. Valentine found some mild bilateral low back muscle spasms, but otherwise the exam was unremarkable. R. 188-90.

A physical residual functional capacity assessment was completed by a disability examiner. R. 192-99.

d. **<u>Plaintiff's Appeal</u>.**

<u>Issue</u>. Whether the ALJ erred in not assigning controlling weight to Henry's treating orthopedist?

The ALJ did not assign controlling weight to the opinion of Dr. Adatto, Henry's treating orthopedic surgeon. The ALJ found that the opinion was not fully corroborated by the medical evidence and his views were not shared by other medical sources of record. R. 14.

An MRI found scoliosis of the lumbar spine but no spinal stenosis. R. 171-73. An MRI found mild rotary scoliosis of the cervical spine without neurocompressive HNP or bony spinal stenosis. R. 166. A CT scan of the lumbar spine found no appreciable abnormality of the lumbar spine. R. 162. These diagnostic studies were not consistent with Dr. Adatto's opinions regarding the severity of Henry's impairments.

In <u>Scott v. Heckler</u>, 770 F.2d 482, 485 (5th Cir. 1985), the Fifth Circuit said:

> This court has repeatedly held that ordinarily the opinions, diagnoses and medical evidence of a treating physician who is familiar with the claimant's injuries, treatment, and responses should be accorded considerable weight in determining disability. There are exceptions to this principle. The ALJ may give less weight to a treating physician's opinion when "there is good cause shown to the contrary," as is the case when his statement as to disability . . . is not supported by medically acceptable clinical laboratory diagnostic techniques, or is otherwise unsupported by the evidence. . . . The administrative fact finder is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly.

8

770 F.2d at 485. In addition to the diagnostic studies which were inconsistent with Dr. Adatto's opinion, there was reliable medical evidence from an examining physician, Dr. Valentine, which controverted Dr. Adatto's opinion. Newton v. Apfel, 209 F. 3d 448, 453 (5th Cir. 2000).

The ALJ did not err when he did not assign controlling weight to Dr. Adatto's opinion. There is substantial evidence to support the ALJ's finding that Henry could perform light work.

## RECOMMENDATION

Accordingly, IT IS RECOMMENDED that the claim of the plaintiff, Davron Henry, be dismissed with prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of December, 2011.

                                            **SALLY SHUSHAN**
                                      **United States Magistrate Judge**